## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Todd Giffen,

     Petitioner,

v.

Warden of Federal Medical Center
Rochester, United States District Court
for the Eastern District of North Carolina,
and United States Attorney General,

     Respondents.

Civ. No. 25-167 (JWB/DLM)

**ORDER ACCEPTING
REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE**

United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") on January 16, 2025, recommending dismissal of this action based on lack of jurisdiction. (Doc. No. 6.) In response, Petitioner Todd Giffen filed a letter and objections to the R&R dated January 21, 2025. (Doc. Nos. 8, 9.) Giffen also filed additional objections in late March and in April. (Doc. Nos. 18, 19, 20.)

In his letter, Giffen states that he accidentally opened two habeas cases and asked to merge both into Case No. 25-cv-86, the first of the two received and opened by the Clerk's Office. (Doc. No. 8.) The allegations stated here are substantially the same as the allegations stated in Case No. 25-cv-86—that the conditions of confinement at FMC-Rochester, where Giffen is a civil detainee, are too restrictive, and he seeks transfer to another facility. In neither case does he challenge the legality of his confinement. Case No. 25-cv-86 was dismissed for lack of jurisdiction on January 27, 2025.

In February and March, Giffen filed various motions in this case, which included a

request for the Magistrate Judge to reconsider his R&R. (Doc. Nos. 11, 12, 14, 16.) The motions were all denied. (Doc. Nos. 15, 17.) Left now for consideration is the R&R and Giffen's objections.

The portions of the R&R to which Giffen objects are reviewed de novo, and the recommendations made by the Magistrate Judge may be accepted, rejected, or modified, in whole or in part. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Any aspect of an R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Plaintiff is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Giffen's objections do not identify any error of law or fact that warrant rejecting the recommendations in the R&R. As explained in the R&R and in Giffen's prior case, his conditions of confinement claims cannot be raised in a habeas petition. *See Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014) (citing *Cook v. Hanberry*, 592 F.2d 248, 248 (5th Cir. 1979) (finding prisoner's request for transfer back to a different facility could not be brought under a habeas petition)); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

While the Supreme Court's *Preiser v. Rodriguez*, 411 U.S. 475 (1973) decision left open "the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement," *Bell v. Wolfish,* 441 U.S. 520, 526 n.6 (1979), the more recent Eighth Circuit decisions

clarifying the issue must be followed. *Preiser* merely stated it was "arguable" that habeas could be used to "remove the restraints *making the custody illegal*." 411 U.S. at 499 (emphasis added). This is not the case here.

Furthermore, recharacterizing Giffen's habeas petition as a § 1983 claim would be futile because he has not plausibly alleged that conditions at his facility violate his constitutional rights. Therefore, Giffen's petition must be dismissed.

Based on a full review of the record, and in consideration of the applicable law, the R&R is accepted in its entirety.

## ORDER

**IT IS HEREBY ORDERED** that:

1.    Petitioner Todd Giffen's Objections to the Report and Recommendation (Doc. Nos. 9, 18, 20) are **OVERRULED**, and Petitioner's Motion for Relief (Doc. No. 19) is **DENIED**;

2.    The January 16, 2025 Report and Recommendation (Doc. No. 6) is **ACCEPTED** in its entirety;

3.    Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** for lack of jurisdiction;

4.    Petitioner's Motion to Waive Filing Fees (Doc. No. 3) is **DENIED AS MOOT**;

5.    Petitioner's Motion to Appoint Counsel (Doc. No. 4) is **DENIED AS MOOT**;

6.    Petitioner's Motion for Preliminary Injunctive Relief (Doc. No. 5) is

**DENIED AS MOOT**; and

      7.    This action is **DISMISSED.**

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 15, 2025                            *s/Jerry W. Blackwell*
                                               JERRY W. BLACKWELL
                                               United States District Judge